IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA G. ADDIEGO, by and through her conservator DEBRA J. DOLCH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA PACIFIC MEDICAL CENTER,<br><br>    Defendants.<br>_____/ | No. C 05-04819 CRB<br><br>**MEMORANDUM AND ORDER** |

    This action arises out of an injury suffered by plaintiff in the parking lot of defendant California Pacific Medical Center. Now pending before the Court are defendants' motions to dismiss. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, the Court GRANTS the motions to dismiss.

### ALLEGATIONS OF THE COMPLAINT

    On September 2, 2004, plaintiff's daughter Rina Addiego ("Rina") took plaintiff to the California Pacific Medical Center ("CPMC") for a follow-up medical appointment. Rina parked her car in CPMC's public parking garage. When plaintiff exited the car her foot "came in contact" with a portable sign, causing plaintiff to lose her balance and fall on the cement pavement. The fall broke plaintiff's hip.

Rina immediately alerted the CPMC parking attendant that plaintiff was injured. Although plaintiff was within 30 yards of the CPMC emergency department, the parking attendant did not get plaintiff emergency services; instead, pursuant to CPMC policy, he called CPMC's Security Department.

Approximately 20 minutes later the "Security Department personnel denied Rina's request for immediate medical services for [plaintiff] from the hospital emergency department and instead called 911 for San Francisco emergency medical services." First Amended Complaint ("FAC") ¶ 17. After plaintiff had been lying on the ground for nearly one hour the San Francisco Fire Department and an ambulance arrived at the CPMC parking garage. After obtaining information about plaintiff's medical insurance, plaintiff was transported to the CPMC emergency department, approximately 30 yards away. Plaintiff alleges that the delay in treatment exacerbated her injuries.

## PROCEDURAL HISTORY

Plaintiff filed a lawsuit against CPMC in state court making claims for premises liability and personal injury. Shortly thereafter she filed a separate action in this Court, arising from the same facts as the state court action but making different claims and adding the City and County of San Francisco ("the City") as a defendant. In the First Claim for Relief she alleges that CPMC violated the Emergency Medical Treatment and Active Labor Act ("EMTALA") by refusing to transport plaintiff to the Emergency Department, and instead requiring that the San Francisco Fire Department do so. In her Second Claim for Relief she alleges that CPMC and the City violated her substantive due process rights. She also appears to make a claim under California Health & Safety Code section 1317.

CPMC and the City move to dismiss the FAC on the ground that plaintiff does not and cannot state a federal claim as a matter of law.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept plaintiffs' allegations as true and construe them in a light most favorable to the plaintiffs. See School of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A court should not grant a motion to dismiss

2

for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam).

## DISCUSSION

### A.  EMTALA Claim

"Congress enacted EMTALA to ensure that individuals, regardless of their ability to pay, receive adequate emergency care. Congress was concerned that hospitals were 'dumping' patients who were unable to pay, by either refusing to provide emergency medical treatment or transferring patients before their conditions were stabilized." Bryant v. Adventis Health, 289 F.3d 1162, 1165 (9th Cir. 2002) (internal quotation marks and citation omitted).

"If an individual seeks emergency care from a hospital with an emergency room and if that hospital participates in the Medicare program, then 'the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency condition . . . exists." Id. (quoting 42 U.S.C. § 1395dd(a)). "If the hospital's medical staff determines that there is an emergency medical condition, then, except under certain circumstances not relevant here, the staff must 'stabilize' the patient before transferring or discharging the patient." Id. (quoting 42 U.S.C. § 1395dd(b)(1)). Regulations provide that EMTALA applies if the person requesting assistance is on hospital property, including the hospital parking lot. See 42 C.F.R. § 489.24.

Plaintiff's allegations, even if true, do not allege a violation of EMTALA. EMTALA requires a hospital to provide a medical screening exam to determine whether an emergency condition exists, and, if such condition exists, to provide medical treatment. 42 U.S.C. § 1395dd(a), (b). Plaintiff does not allege that CPMC refused to provide her medical care, or that it failed to stabilize her condition before transferring or discharging her from the hospital; indeed, while plaintiff alleges that she was not screened or treated in the parking garage (by CPMC personnel), she does *not* allege that when the paramedics transported her

3

from the garage to the emergency room CPMC refused to treat her or otherwise "dumped her." At oral argument she confirmed that once the paramedics transported her to the emergency room CPMC medical personnel treated her and, in fact, admitted her to the hospital.

Instead, plaintiff challenges CPMC's policy of having paramedics, rather than CPMC personnel, transport injured people from the CPMC garage to the emergency room. In other words, she contends that CMPC's failure to provide her with a medical screening exam and "stabilization" while she was in the parking garage violated the Act and caused her damages. She appears to claim this policy violates EMTALA because CPMC will treat people who suffer emergencies in the hospital without requiring transportation by paramedics. She does not cite any cases, however, that suggest EMTALA requires a hospital to use its own personnel to transport people requesting services from the parking garage to the emergency room, or, in the alternative, to send emergency room personnel to a parking lot to "screen" and "stabilize" a person requesting emergency services. And the language of EMTALA includes no such requirement. EMTALA merely requires the provision of emergency services, services which plaintiff admits she eventually received.

In short, this case has nothing to do with patient "dumping," the problem Congress intended EMTALA to address. As plaintiff admits that she received emergency medical care, and was in fact admitted to CPMC, no amendment could cure the defects in her EMTALA claim, including her claim that the City and CPMC conspired to deprive her of her EMTALA rights.

**B.     Substantive Due Process**

Plaintiff's substantive due process claim against CPMC and the City fairs no better. Plaintiff contends defendants denied plaintiff a "liberty interest in a speedy and efficient emergency medical screening examination and forced [her] to lie on the hospital garage floor nearly one hour." Plaintiff's Opposition at 5. As plaintiff concedes, to decide whether plaintiff's substantive due process rights were violated courts must first examine the nature of the interest at stake to determine if the interest implicates a "fundamental right." See

4

1  Moore v. City of East Cleveland, 431 U.S. 494, 499 (1977) (plurality opinion).  Here, the
2  nature of the interest at stake is plaintiff's alleged right to have CPMC personnel transfer her
3  from the parking garage to the emergency room for treatment, or to treat her in the garage,
4  rather than having to wait for San Francisco paramedics to transport her to the hospital.  See
5  Plaintiff's Opposition at 7 (stating that plaintiff claims a "fundamental right to a prompt
6  medical screening of a life threatening condition and stabilization of that condition").

7       Plaintiff does not cite a single case, and the Court is aware of none, which even
8  remotely suggests that plaintiff's claim implicates a fundamental right.  A fundamental right
9  is one of "the 'personal activities and decision' that the Supreme Court has identified as
10  'deeply rooted in our history and traditions' or 'fundamental to our concept of
11  constitutionally ordered liberty.'"  Fields v. Legacy Health System, 413 F.3d 943, 955-56
12  (9th Cir. 2005) (citation omitted).  Plaintiff's claim manifestly does not fall within the realm
13  of recognizable fundamental rights.  Her citation to California Health & Safety Code section
14  1797.201 does not assist her case.

15      Putting aside the inadequacy of plaintiff's state action and conspiracy allegations,
16  plaintiff's substantive due process claim can succeed then only if the City and CPMC's
17  alleged policy of having the City respond to emergencies that occur in CPMC's parking lot is
18  not rationally related to a legitimate government interest.  See Fields, 413 F.3d at 955.
19  Plaintiff does not even make such an argument.  Nor could she: it is not irrational for a
20  hospital and City to conclude that paramedics who are trained at transporting injured people
21  should respond to medical emergencies in the CPMC parking garage.  Thus, plaintiff's
22  substantive due process claim fails on the merits.

## CONCLUSION

24  Defendants' motions to dismiss the EMTALA and substantive due process claims are
25  GRANTED without leave to amend.  As plaintiff admits that CPMC treated her injury, and
26  as her claim does not implicate a fundamental right, plaintiff's claims fail as a matter of law.
27  To the extent plaintiff raises a claim under California Health and Safety Code section 1317,
28  the Court declines to exercise supplemental jurisdiction of such state law claim and

5

1  instead DISMISSES the claim without prejudice.

2  **IT IS SO ORDERED.**

4  Dated: February 17, 2006

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE