IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA ADDIEGO, by and through her conservator DEBRA J. DOLCH,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO ET AL,

    Defendant.

No. C 05-04819 CRB

**ORDER DENYING MOTIONS FOR FEES/SANCTIONS**

By Memorandum and Order filed February 17, 2006, the Court dismissed plaintiff's complaint, including her section 1983 claim, without leave to amend. Now pending before the Court are defendants' motions for attorneys' fees pursuant to 42 U.S.C. § 1988 and plaintiff's motion for sanctions against defendants. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and DENIES all the motions.

Section 1988 provides that in any section 1983 action, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). It is undisputed that defendants are the prevailing parties; however, "[u]nder § 1988 jurisprudence, a prevailing defendant is treated differently from a prevailing plaintiff and fees are not awarded routinely or simply because defendant succeeds." Champlain v. City of Folsom, 2006 WL 449120 (E.D. CA. Feb. 23, 2006) (citing

Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988)). To be entitled to section 1998 fees, a prevailing defendant must show that the "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n, 434 U.S. 412, 421 (1978). This standard presents a "high hurdle" for defendants to overcome, although it is not insurmountable. Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999).

Defendants' motions present a close question. Plaintiff's section 1983 claim was novel and not supported by citation to any relevant law. Moreover, plaintiff continues to mischaracterize her claim as one involving "involuntary civil confinement or civil commitment," even though such a characterization is not warranted by the facts alleged in the complaint. Nonetheless, the circumstances alleged in the complaint, if true, are maddening, although understandable, and the Court can appreciate why plaintiff would be outraged and therefore initiate a lawsuit. Moreover, the Court must consider plaintiff's financial resources and ability to pay attorneys' fees. See Miller v. Los Angeles County Board of Education, 827 f.2d 617, 621 (9th Cir. 1987). Plaintiff's counsel's declaration demonstrates that she does not have the resources to pay such an award.

Plaintiff's unsuccessful attempt to obtain punitive damages pursuant to Civil Code section 3294 in the state court does not warrant fees in this Court. The state court did not rule on the merits of a section 1983 claim, and this Court's reasons for dismissing the section 1983 claim are not directly related to the state court's dismissal of plaintiff's demand for punitive damages. Accordingly, the Court, in its discretion, DENIES defendants' motions for section 1988 fees and costs.

The City's request for section 1927 sanctions is also DENIED. "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." In re Keegan Management Co., Securities Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Finally, plaintiff's motion for section 1927 sanctions is also DENIED. Only conduct rising to the level of maliciousness, vexatiousness or bad faith warrants section 1927

2

sanctions. See Gomez v. Vernon, 255 F.3d 1118, 1134-35 (9th Cir. 2001). Defendants' motion was not brought in bad faith; as the Court explained, they present a close question and defendants were wholly justified in filing the motions.

**IT IS SO ORDERED.**

Dated: April 27, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE